IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-03416-MSK-MJW

CORRINE MUNIS,

    Plaintiff

v.

TARGET CORPORATION,

    Defendant.

## STIPULATED PROTECTIVE ORDER (Docket No 18-1)

Upon a showing of good cause in support of the entry of a protective order, under Fed. R. Civ. P. 26(c), to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, medical records, materials, and information labeled as CONFIDENTIAL by the disclosing or producing party, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall include any documents, medical records, information or testimony, believed in good faith by a party, its counsel, or third parties producing information in connection with this litigation to contain trade secrets or other proprietary and confidential commercial and/or personal information as described or referenced in Fed. R. Civ. P. 26(c), or which are already subject to confidentiality agreements or orders separate and apart from this litigation. No CONFIDENTIAL information produced in this litigation shall be disclosed or used for any purpose except the prosecution and/or defense of this litigation.

4. CONFIDENTIAL documents, medical records, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, and the officers, directors and/or employees of the parties who have direct responsibility for assisting in the preparation and trial of the lawsuit;

    (d) experts, investigators, and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel"), provided, however, that all court filings that attach, incorporate or disclose CONFIDENTIAL information shall be subject to [the requirements of] D.C.COLO.LCivR 7.2 governing Public Access to Documents and Proceedings.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents shall be designated CONFIDENTIAL by placing or affixing on them, in a manner that will not interfere with their legibility, the following or other appropriate notice: "CONFIDENTIAL." All documents pertaining to the medical care of Plaintiff which have already been provided to counsel for Defendant and which were provided without the words "CONFIDENTIAL" shall be considered CONFIDENTIAL.

7. Whenever a deposition involves the use of CONFIDENTIAL information, the deposition transcript, or portions thereof, may be designated as CONFIDENTIAL and, if so designated, shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Such motion shall be filed pursuant to D.C.COLO.LCivR 7.2 governing Public Access to Documents and Proceedings and resolved by the court in the manner outlined therein. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.

9. Any person who receives CONFIDENTIAL information under this Order from another person or party, and who is served with a subpoena for any such information, shall give counsel for the parties seven (7) days' notice (or reasonable notice if the time for compliance with the Subpoena is less than seven (7) days) before producing any such material.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL. Alternatively, the parties may agree that CONFIDENTIAL documents can be destroyed. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction if requested.

11. After the termination of this case, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties until Termination of This Case. ~~and any other person who has access to documents and information produced pursuant to this Order for the purpose of enforcement of its provisions~~.

[handwritten margin note: w/ prejudice without 2nd]

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

So Ordered this 26th day of February, 2014.

/s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge

5

AGREED AND STIPULATED:

WESTBROOK LAW OFFICES                     Date: February 24, 2014


By: *s/ David M. Westbrook*
    David M. Westbrook, Esq.
    1600 Broadway, Suite 1600
    Denver, Colorado 80202
    david.westbrookattorney@gmail.com
    Attorney for Plaintiff



MONTGOMERY, KOLODNY,
AMATUZIO & DUSBABEK, LLP


By: *s/ John R. Chase*                    Date: February 24, 2014
    John R. Chase, Esq.
    Stacy D. Titus, Esq.
    1775 Sherman Street, 21st Floor
    Denver, CO 80203
    jchase@mkadlaw.com
    stitus@mkadlaw.com
    Attorneys for Defendant